CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 30 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OWAIIAN M. JONES, | CASE NO. 7:14CV00515 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| PRESIDENT OF THE UNITED STATES, ET AL., | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

Owaiian M. Jones, a Virginia inmate proceeding pro se, filed this rambling and largely incomprehensible complaint against 96 defendants, including such oddly joined parties as the President of the United States, federal and state courts and judges in Virginia, newspapers, hospitals, grocery stores, current and former sheriffs, jail officials, inmates, and prosecutors in Roanoke City and Stafford County, and a long list of other individuals. Jones' claims appear to allege that the defendants as a group have conspired to "allow" a broad spectrum of unrelated adverse events to affect Jones, including his criminal convictions, interference with civil actions he has filed, uncomfortable jail conditions, and assault by another inmate. As relief, Jones seeks $250,000,000 "more or less" in damages. Given the nature of his claims, the court construed and docketed his pleading as a civil rights complaint under 42 U.S.C. § 1983 (as to the state courts) and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (as to this federal court and its judges). Upon review of the record, the court finds that the action must be summarily dismissed without prejudice.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). The court's statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327-28.

Jones' conclusory claims, that the 96 defendants he has named have conspired to wrongfully convict and otherwise deprive Jones of constitutionally protected rights, fall squarely in this class.[1] Accordingly, the court will summarily dismiss the action without prejudice under § 1915A(b)(1) as frivolous and will dismiss as moot his motions for appointment of counsel, discovery and a hearing. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of September, 2014.

*/s/ Glen Conrad*
Chief United States District Judge

---

[1] Dismissal without prejudice leaves Jones free to pursue his claims in separate, properly presented civil actions. If Jones wishes to challenge the validity of his confinement, he may refile such claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after full exhaustion of state court remedies. If he believes that the actions of one or more of the Roanoke area defendants has violated his constitutional rights, he may file a new and separate civil action in this court; as part of his complaint, he must state facts about the actions each defendant has undertaken, personally, in violation of his rights and show why the claims and defendants are properly raised in the same case. Jones may file a similar, separate action in the United States District Court for the Eastern District of Virginia against any of his Stafford County defendants. Jones may not, however, amass multiple, conclusory, unrelated claims against unrelated defendants in the same lawsuit, as he has attempted to do in this case. See Fed. R. Civ. P. 18 & 20.